Filed 11/6/13  P. v. Campos CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE, | B245614 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. KA098209) |
| v. | |
| MANUEL CAMPOS, JR. et al., | |
| Defendants and Appellants. | |

   APPEAL from judgments of the Superior Court of Los Angeles County, Mike Camacho, Judge.  Affirmed.

   David Cohen, under appointment by the Court of Appeal, for Defendant and Appellant Manuel Campos, Jr.

   Jeffrey S. Kross, under appointment by the Court of Appeal, for Defendant and Appellant Vincent Stephen Del Greco.

   Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, James William Bilderback II, Deputy Attorney General for Plaintiff and Respondent.

_____

After a joint trial by jury, Manuel Campos Jr. and Vincent Stephen Del Greco were each found guilty of conspiracy to commit first degree burglary and resisting, obstructing or delaying a peace officer.  On appeal, Del Greco challenges the sufficiency of the evidence to support his misdemeanor conviction of resisting, delaying, or obstructing a peace officer.  Finding the evidence is sufficient, we affirm.

Campos also filed a timely notice of appeal.  However, his appellate counsel found no arguable issues pursuant to *People v. Wende* (1979) 25 Cal.3d 436.  Following our review of the record, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

1.    *The Crimes*

While he was off-duty, Los Angeles County Sheriff's Deputy Michael Galvan[1] suspected four people he saw moving around outside a house, belonging to Joseph Clifton and his wife, were committing residential burglary.  Galvan notified the Sheriff's Department and continued to watch the suspects.

Deputy Victor Iniguez responded to a radio call of the residential burglary report by driving to the condominium complex where the suspects' vehicle, a tan Chevy Blazer, was last seen.  Iniguez found the Blazer in a parking lot stall and stopped his patrol car behind it at an angle, facing the passenger side.  Iniguez immediately noticed a female in the front passenger seat.  Although it was daylight, he was unable to see any other occupants through the Blazer's tinted windows.  Iniguez drew his service revolver and stepped out of his patrol car.  He was in full uniform at the time. Before Iniguez could issue any commands, the Blazer's driver's door opened and Del Greco jumped out and ran away.  Iniguez did not give chase, but radioed Del Greco's description and his direction of flight to assisting deputies.  The deputy then yelled for the Blazer's remaining occupants to step out of the vehicle and to show their hands.

---

[1]     Law enforcement personnel references are to Los Angeles County Sheriff's Deputies.

By the time Deputy Albert Garcia arrived in his patrol car at the condominium complex, Campos had emerged from the Blazer and was challenging Iniguez. Campos refused to comply with the deputies' orders to get down on the ground, yelled profanities and dared them to shoot him. He then advanced on Garcia, who, after a brief struggle, was able to subdue Campos and handcuff him. Thereafter, Del Greco, the female passenger, who was a minor, and a fourth burglary suspect, Stephanie Martinez, were also taken into custody.[2]

When Joseph Clifton and his wife returned home that evening, they discovered their back screen door had been opened several inches; otherwise the house was in the same condition as when they left it and none of their belongings had been taken.

### 2.    *The Charges*

Del Greco, Campos, and Martinez were charged in an information with attempted first degree burglary (Pen. Code, § 459, 664, count 1)[3] and conspiracy to commit first degree burglary (§ 182, subd. (a)(1), count 2). Del Greco and Campos were each charged with resisting, delaying or obstructing a peace officer (§ 148, subd. (a)(1), count 3 (Del Greco/ Deputy Iniguez); count 4 (Campos/Deputy Garcia). The information specially alleged Del Greco had suffered one prior serious or violent felony conviction within the meaning of section 667, subdivision (a) and the three strikes law (§§ 667, subds. (b)-(i); 1170.12, subds. (a)-(d)) and had served one separate prison term for a felony (§ 667.5, subd. (b)). It was also specially alleged Campos had served three separate prison terms for felonies. Represented by counsel, the defendants pleaded not guilty, and Del Greco and Campos denied the special allegations.

---

**2**      The circumstances of Del Greco's apprehension were not presented at trial.

**3**      Statutory references are to the Penal Code.

3. *The Verdicts and Sentences*

At the conclusion of the trial, the jury found Del Greco and Campos guilty of conspiracy to commit burglary and resisting a peace officer, but acquitted them of attempted burglary.[4] In a bifurcated proceeding, both defendants admitted the special allegations.

After denying Del Greco's motion to dismiss his prior strike conviction (§ 1385), the trial court sentenced Del Greco to an aggregate state prison term of nine years, consisting of four years for conspiracy (the lower term doubled under the three strikes law) plus five years for the prior serious felony enhancement and a concurrent term of one year for resisting a peace officer. The court dismissed the one-year prior prison term enhancement in furtherance of justice. (§ 1385.)

The trial court sentenced Campos to an aggregate state prison term of five years, consisting of the lower term of two years for conspiracy plus three years for the prior prison term enhancements.

**DISCUSSION**

1. *Del Greco's appeal*

a. *The standard of review*

To assess a claim of insufficient evidence in a criminal case, "we review the whole record to determine whether any rational trier of fact could have found the essential elements of the crime or special circumstances beyond a reasonable doubt. [Citation.] The record must disclose substantial evidence to support the verdict—i.e., evidence that is reasonable, credible, and of solid value—such that a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt. [Citation.] In applying this test, we review the evidence in the light most favorable to the prosecution and presume in support of the judgment the existence of every fact the jury could reasonably have deduced from

---

**4** The three defendants were tried jointly by dual juries, one jury for Campos and Del Greco and a separate jury for Martinez. The verdict rendered by Martinez's jury is not part of the record on appeal.

the evidence. [Citation.] 'Conflicts and even testimony [that] is subject to justifiable suspicion do not justify the reversal of a judgment, for it is the exclusive province of the trial judge or jury to determine the credibility of a witness and the truth or falsity of the facts upon which a determination depends. [Citation.] We resolve neither credibility issues nor evidentiary conflicts; we look for substantial evidence. [Citation.]' [Citation.] A reversal for insufficient evidence 'is unwarranted unless it appears "that upon no hypothesis whatever is there sufficient substantial evidence to support"' the jury's verdict." (*People v. Zamudio* (2008) 43 Cal.4th 327, 357.)

b. *Sufficient evidence supports the challenged conviction*

Section 148, subdivision (a) provides: "Every person who willfully resists, delays or obstructs any . . . peace officer . . . in the discharge or attempt to discharge any duty of his or her office or employment" is guilty of a misdemeanor. To prove Del Greco violated this statute, the People had to establish (1) Iniguez was a peace officer lawfully performing or attempting to perform his duties as a peace officer; (2) Del Greco willfully resisted, obstructed or delayed the deputy in the performance or attempted performance of those duties; and (3) when Del Greco acted, he knew, or reasonably should have known, the deputy was a peace officer performing or attempting to perform his duties. (See CALCRIM No. 2656; *In re Muhammed C.* (2002) 95 Cal.App.4th 1325, 1329.) "'The offense is a general intent crime, proscribing only the particular act (resist, delay, obstruct) without reference to an intent to do a further act or achieve a future consequence.'" (*People v. Christopher* (2006) 137 Cal.App.4th 418, 431.)

Del Greco contends the evidence does not support the finding that he resisted, obstructed or delayed a peace officer. Del Greco does not assert that "his ultimate arrest was unlawful, or conducted without reasonable suspicion or probable cause." Rather, he argues because he fled before Deputy Iniguez issued any commands, and because the People presented no evidence his flight interfered with the deputy's discharge of his duties, his conviction of violating section 148, subdivision (a)(1) should be reversed.

5

Flight from an officer attempting to effect a lawful detention can constitute resisting or delaying a peace officer, provided the person fleeing knows the officer wishes to detain him.  (See *People v Allen* (1980) 109 Cal.App.3d 981, 985-987 (*Allen*) (delaying); *In re Gregory S.* (1980) 112 Cal.App.3d 764, 777-778 (delaying); *People v. Superior Court* (*Ferguson*) (2005) 132 Cal.App.4th 1525, 1530-1534 (resisting).)  In *Allen*, police officers, driving a marked patrol car, saw the defendant and others standing around an open car trunk filled with jackets, and suspected the defendant was receiving and selling stolen property.  (*Allen, supra,* 109 Cal.App.3d at pp. 983-985.)  When the officers began to approach, the defendant saw the patrol car, slammed down the lid of the trunk and began hurriedly walking away, while looking over his shoulder at the officers.  The officers began to follow in their patrol car, and the defendant ran and hid in the bushes.  (*Id* at p. 984, 987.)  The appellate court held this conduct was sufficient to support the defendant's arrest for violating section 148, subdivision (a)(1).  (*Id*. at pp. 986-987.)  The court observed, "Since the officer had the legal right, indeed duty, [citation] to detain appellant, appellant, if he was aware of the officer's desire, had the concomitant duty to permit himself to be detained.  [Citation.]  Therefore, on the face of the statute, it would appear that the physical activity that appellant engaged in, flight and concealment, which delayed the officer's performance of his official duty, violated the statute."  (*Id*. at pp. 985-986, italics omitted.)

Del Greco suggests, unlike the defendant in *Allen*, he did not know of Deputy Iniguez's intention to detain him, in the absence of a verbal command, before he fled from the condominium complex, and his flight therefore did not constitute willful resistance or delay.  However, it was reasonably inferable from the evidence Del Greco saw Iniguez first pull in behind the Blazer in a marked patrol car and then step out from the car, displaying his service revolver.  As in *Allen*, these factors, in turn, support the inferences Del Greco knew Iniguez wished to detain him, their imminent encounter was one in which Del Greco was not free to leave (see *Brendlin v. California* (2007) 551 U.S.

6

249, 255 [127 S.Ct. 2400, 168 L.Ed.2d 132]; *People v. Zamudio, supra,* 43 Cal.4th at p. 341) and that Del Greco fled to avoid the encounter.

Del Greco's assertion his flight did not violate section 148, subdivision (a)(1) because there was no evidence his apprehension, which was effected shortly thereafter by other officers, and thus no showing that his flight delayed or obstructed Deputy Iniguez, does not mandate a different outcome. Resistance and delay, as they pertain to the statute, are questions of fact. In reviewing the record, we conclude there is substantial evidence supporting the jury's determination Del Greco resisted or delayed Iniguez in the discharge of his duties by preventing the deputy from detaining Del Greco to investigate his suspected criminal activities.

2. *Campos's Appeal*

We appointed counsel to represent Campos on appeal. After an examination of the record, counsel filed an opening brief in which no issues were raised. On May 13, 2013**,** we advised Campos he had 30 days in which to personally submit any contentions or issues he wished us to consider. No response has been received to date.

We have examined the record and are satisfied Campos's attorney has fully complied with the responsibilities of counsel, and no arguable issue exists. (*Smith v. Robbins* (2000) 528 U.S. 259, 277-284 [120 S.Ct. 746, 145 L.Ed.2d 756]; *People v. Kelly* (2006) 40 Cal.4th 106, 112-113; *People v. Wende, supra,* 25 Cal.3d 436, 441.)

**DISPOSITION**

The judgments are affirmed.

ZELON, J.

We concur:

WOODS, Acting P. J.

SEGAL, J.[*]

---

[*] Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.